UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BWP MEDIA USA INC, *et al.*, | No. C-13-04514 PJH (DMR) |
| Plaintiffs, | **REPORT AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [DOCKET NO. 26]** |
| v. | |
| LOLJAM INC, | |
| Defendant. | |
| _____/ | |

In this copyright infringement action, Plaintiffs BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") and National Photo Group, LLC ("NPG") move the court pursuant to Federal Rule of Civil Procedure 55(b)(2) for default judgment against Defendant LOLJAM Inc. ("LOLJAM"). [Docket No. 26.] Plaintiffs request statutory damages and attorneys' fees and costs.

The Honorable Phyllis J. Hamilton referred this matter to the undersigned to prepare a report and recommendation on Plaintiffs' motion for default judgment. [Docket No. 27.] The court held a hearing on May 8, 2014. Having reviewed the matter, the court now issues this Report and Recommendation, with a recommendation that the motion be granted.

## I. Statement of Facts & Procedural History

Plaintiffs BWP and NPG are California corporations with principal places of business in Los Angeles County. (Compl. ¶¶ 6, 7.) They provide "entertainment-related photojournalism goods and services," and own the rights to photographs featuring celebrities which they license to online and

print publications. (Compl. ¶¶ 1, 9.) Plaintiffs own the copyrights for the photographs at issue here. (Compl. ¶¶ 9-11, 14-15.) Defendant LOLJAM owns and operates a website, loljam.com, which contains paid advertisements and/or sells merchandise to the public. (Compl. ¶ 13.) Plaintiffs allege upon information and belief that Defendant's principal place of business is in San Francisco County. (Compl. ¶¶ 4, 8.)

On September 30, 2013, Plaintiffs filed suit against Defendant for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. In the Complaint, Plaintiffs allege that Defendant copied, modified, and/or displayed Plaintiffs' photographs on loljam.com without license or permission. (Compl. ¶¶ 2, 12, 14, 15.) Plaintiffs allege twelve separate direct infringements in 2013 by Defendant of eleven photographs for which Plaintiffs own the copyright registration or had submitted applications for registrations at the time the Complaint was filed.[1] (Compl. ¶¶ 14-16, 25-28, Ex. 1.) In the event that the infringed photographs were hyperlinked into loljam.com as opposed to stored on Defendant's servers, Plaintiffs allege that Defendant is liable as a contributory infringer since it caused, enabled, facilitated and materially contributed to the infringing acts of others by providing the tools and instruction for infringement on the website, while having actual or constructive knowledge of the infringement. (Compl. ¶¶ 31, 32.) Additionally, Plaintiffs allege that Defendant is vicariously liable for the infringing acts because it had the right and ability to supervise or control the infringement, and received a direct financial benefit from the infringing activity. (Compl. ¶¶ 36, 37.) Finally, Plaintiffs allege that Defendant induced copyright infringement by providing technology on loljam.com to download or forward an image to social media providers and/or failing to block or diminish access to infringing material. (Compl. ¶¶ 39, 40.)

On January 10, 2014, after Defendant failed to respond to the Complaint, the clerk entered default. [Docket No. 17.] Plaintiffs filed this motion on February 28, 2014. The court ordered supplemental briefing on April 4 and 14, 2014, which Plaintiffs timely filed on April 11 and 18, 2014. [Docket Nos. 30, 34 (Pls.' Suppl. Br.), 35, 36 (Decl. of Sanders, April 18, 2014 ("Sanders

---

[1] At the hearing, Plaintiffs' counsel clarified that copyright registration applications were pending for infringements six through nine at the time they filed the Complaint. Plaintiffs have now received copyright registration numbers for those photographs at issue. (*See* Pls.' Mot. 3-4 (listing U.S. copyright registration nos. for all eleven photographs).)

Decl. II")).] The court held a hearing on the motion on May 8, 2014. Although it was served with notice of the hearing date and time, Defendant did not appear. [Docket Nos. 29, 38 (proofs of service of orders setting hearing on motion).]

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. Whether to enter a judgment lies within the court's discretion. *Eitel*, 782 F.2d at 1471; *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). In considering Plaintiffs' motion for default judgment, the court takes as true the allegations in the Complaint and resolves all factual disputes in Plaintiffs' favor. *Id.*; *Cripps*, 980 F.2d at 1267.

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel*, 782 F.2d at 1471-72 (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Id.* The fourth factor focuses on the amount at issue in the action, as courts should be hesitant to enter default judgments in matters involving large sums of money. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Constr., Inc.*, No. C 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted).

3

### III. Analysis

**A.     Subject Matter and Personal Jurisdiction**

    **1.     Subject Matter Jurisdiction**

Federal courts have original jurisdiction of any civil action arising under an act of Congress relating to, *inter alia*, copyrights. 28 U.S.C. § 1338(a). Here, the action arises under the Copyright Act, 17 U.S.C. § 101 *et. al*. (Compl. ¶ 3.) Therefore, this court has subject matter jurisdiction over this case.

    **2.     Personal Jurisdiction**

A court may exercise personal jurisdiction over a defendant who (1) is served while physically present within the state, (2) is domiciled within the state (3) consents to the jurisdiction of the state, or (4) who has sufficient minimum contacts in the state. *Itel FL., Inc. v. Container Land Associates*, No. C-97-0418, 1997 WL 229951, at *2 (N.D. Cal. 1997). Here, Defendant is a Delaware corporation with its principal place of business in San Francisco. (Pls.' Suppl. Br. 2; Sanders Decl. II ¶ 5 Ex. A (California Secretary of State's Business Entity Detail).) Plaintiffs have also submitted evidence from the "Whois" database, which provides contact information for website registrants, that Defendant's "Whois" registration lists the San Francisco address on file with the California Secretary of State. (Sanders Decl. II ¶ 6 Ex. B.) Therefore, as Defendant is domiciled in this state, this court has personal jurisdiction over Defendant. *See Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) (the "paradigm forum for the exercise of general jurisdiction" for a corporation is a place "in which the corporation is fairly regarded as at home," i.e. its place of incorporation and principal place of business).

**B.     Service of Process**

This court does not have jurisdiction over Defendant unless it has been served properly under Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4(h) allows for service of a corporation in the same manner as an individual under Rule 4(e)(1), by following state law for service in the state in which service is made, or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

4

Fed. R. Civ. P. 4(h)(1)(A), (B). Here, Plaintiffs personally served the summons and Complaint on Defendant's registered agent in Wilmington, Delaware. (Pls.' Suppl. Br. 2-3; Sanders Decl. II ¶¶ 7, 8, Exs. C, D.) Under Delaware law, service of a corporation is perfected by personal service on its registered agent. *See* Del. Code § 321(a). The court has examined Plaintiffs' proof of service dated December 11, 2013, (Docket No. 11), and finds that service of the summons and Complaint on Defendant was adequately effected by personal service pursuant to Rules 4(e)(1) and 4(h)(1)(B).

### C. The *Eitel* Factors

In order to determine whether default judgment should be entered against Defendant, the court must consider the factors set forth in *Eitel,* 782 F.2d at 1471-72. Here, the first *Eitel* factor is met because Defendant has refused to take part in this litigation. *Broadcast Music, Inc. v. Kiflit*, No. 12-CV-00856-LHK, 2012 WL 4717852, at *3 (N.D. Cal. Oct. 2, 2012). Plaintiffs will be prejudiced if default judgment is not entered because they will be denied the right to adjudicate their claims and obtain relief. *Id.*

The second and third *Eitel* factors essentially require Plaintiffs to state a claim on which they may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). To establish a claim of copyright infringement Plaintiffs must: (1) show ownership of the allegedly infringed material and (2) demonstrate that the alleged infringer violated at least one exclusive right granted to copyright holders. *Kiflit*, 2012 WL 417852, at *2. Furthermore, copyright infringement is willful if the Defendant knew it was infringing on a copyright or acted with reckless disregard as to whether it was doing so. *In re Barboza*, 545 F.3d 702, 708 (9th Cir. 2008). Here, Plaintiffs allege twelve claims of willful copyright infringement as to eleven photographs and incorporate into their Complaint an exhibit identifying the twelve claims in further detail. (Compl. ¶¶ 14-16, Ex. 1.) In the exhibit, each of Plaintiffs' twelve claims of copyright infringement are identified along with the dates of copyright application and/or registration, copyright registration and/or application numbers, and dates and uniform resource locators (URLs) of the alleged infringements on loljam.com. (Compl. Ex. 1.) Plaintiffs supplemented this exhibit to reflect the copyright registration numbers for those photographs for which registration was still pending at the time they filed the Complaint. (*See* Pls.' Mot. 3-4.) First, Plaintiffs have sufficiently alleged ownership of the allegedly infringed

material.  *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488-89 (9th Cir. 2001) ("Registration is prima facie evidence of the validity of the copyright").  Moreover, Plaintiffs have alleged that Defendant copied, modified, and/or displayed each photograph without license or permission, and provided the date and URL locations of infringement.  (Compl. ¶¶ 14-16, Ex. 1.)  For these reasons, the second and third *Eitel* factors weigh in favor of granting default judgment.

The fourth *Eitel* factor, the sum of money at stake in the action, also weighs in favor of Plaintiffs.  "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged."  *Core Concrete Const., Inc.*, 2012 WL 380304, at *4 (citing *Eitel*, 782 F.2d at 1472).  However, "when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate."  *Id*.  Here, the amount of money at stake is reasonable as discussed further below.  Therefore, the fourth *Eitel* factor weighs in favor of granting default judgment.

The fifth *Eitel* factor weighs in favor of granting default judgment because Defendant has not appeared in this action, let alone contested any of Plaintiffs' material facts.  Finally, nothing in the record suggests that Defendant has defaulted due to excusable neglect.  Plaintiffs have properly served Defendant, but Defendant has not submitted any response and has failed to participate in the matter.  Examining these factors in the aggregate, the court finds that the first six *Eitel* factors outweigh the Federal Rules of Civil Procedure's strong preference for a decision on the merits.

### IV.  Damages

Plaintiffs ask the court for an award of statutory damages in the amount of $16,500 total for the twelve infringements and attorneys' fees and costs totaling $5,940.  (Pls.' Mot. 9-13.)

**A.     Statutory Damages**

The court may award statutory damages per infringement in a sum not less than $750 or more than $30,000.  17 U.S.C. § 504(c)(1).  The court may increase this statutory award to a sum not more than $150,000 if the plaintiff proves, and the court finds that the infringement was committed wilfully.  17 U.S.C. § 504(c)(2).  Trial courts have broad discretion in determining a just statutory damages award.  *Kiflit*, 2012 WL 417852, at *4.

6

1    Plaintiffs request the statutory minimum, $750, for infringements three through twelve,
2 totaling $7,500. (Pls.' Mot. 11.) Plaintiffs assert that the current license fee for the photo at issue in
3 infringements one and two, the "Kutcher Kunis Bagels" photo, is $1,500. (Evenstad Decl., April 11,
4 2014 ¶ 6.) Plaintiffs ask the court to award three times the licensing fee of $1,500 (that is, $4,500)
5 for each of the two infringements of the Kutcher Kunis Bagels photo, for a total of $9,000. (Pls.'
6 Mot. 11-12.) The court recommends that Plaintiffs be awarded statutory damages of $7,500 for
7 statutory damages for infringements three through twelve, and statutory damages of $9,000 for
8 infringements one and two, which is three times the value of the lost license fees, for a total award of
9 $16,500. *See Kiflit*, 2012 WL 417852, at *4 (awarding statutory damages in amount slightly more
10 three times the cost of estimated license fees); *Broadcast Music, Inc. v. Paden*, No. 5:11-02199-EJD,
11 2011 WL 6217414, at *6 (N.D. Cal. Dec. 14, 2011) (awarding statutory damages of $7,000 per
12 infringement); *Broadcast Music, Inc. v. Colonial Foods, Inc.*, No. C-92-4253-DLJ, 1993 WL 87808,
13 at *3 (N.D. Cal. March 17, 1993) (awarding statutory award of $2,000 per infringement).

**B.     Attorneys' Fees & Costs**

Plaintiffs next ask the court to grant an award of attorneys' fees and costs in the amount of $5,940. (Pls.' Mot. 12-13; Sanders Decl., Feb. 27, 2014 ( ¶¶ 24, 25.) Specifically, Plaintiffs ask for fees in the amount of $5,380 and costs in the amount of $560. (Sanders Decl. ¶¶ 24, 25.)

The court may use its discretion to award the prevailing party full recovery of costs and attorneys' fees, as part of costs. 17 U.S.C. § 505. In calculating reasonable attorneys' fees the Ninth Circuit applies the lodestar method. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1065 (N.D. Cal. 2010). Under the lodestar method, the court multiplies a reasonable hourly rate by the reasonable number of hours worked. *Id.* A party seeking attorneys' fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin.*, Inc., 523 F.3d 973, 979 (9th Cir. 2008). Therefore, the court must analyze the reasonableness of an attorneys' fees award by looking at (1) the reasonableness of the attorneys' hourly rates and (2) the reasonableness of the hours worked. *See Craigslist*, 694 F. Supp. 2d at 1066.

Plaintiffs' counsel states that his hourly rate is $525 per hour. (Sanders Decl. ¶ 22.) Counsel asserts that this rate is reasonable in light of his twenty years of experience practicing civil litigation, including copyright litigation, in New York. (Sanders Decl. ¶¶ 17, 19.) Furthermore, counsel states that the rates charged by his firm are "proper, reasonable and consistent with the rates of other firms in New York" that perform civil litigation matters, including copyright infringement actions, and that associate Carissa Peebles's rate of $400 per hour is reasonable. (Sanders Decl. ¶¶ 19, 22.) Ms. Peebles is a 2011 graduate who was admitted to practice in 2012. (Sanders Decl. ¶ 18.) The court finds that Sanders's hourly rate is reasonable for an attorney with his experience and generally consistent with rates for comparable attorneys doing similar work in this area. *See Craigslist, Inc.*, 694 F. Supp. 2d at 1067 (applying adjusted 2008-2009 *Laffey* matrix for reasonable attorney rates to reflect San Francisco regional factors, court concluded that reasonable hourly rate for an attorney with 20 or more years of experience is $516 per hour). However, Plaintiffs provided no evidence that the $400 per hour requested rate for Peebles, who has been practicing law for two years, is reasonable in this district. Other courts in this district have found that approximately $250 per hour is an appropriate rate for an attorney with 1-3 years of experience in this district. *See id.* (finding reasonable hourly rate for an attorney with 1-3 years of experience is $250 per hour); *see also Theme Promotions, Inc. v. News Am. Marketing FSI, Inc.*, 731 F. Supp. 2d 937, 950 (N.D. Cal. 2010) (reasonable hourly rate for attorney with 1-3 years of experience in the San Francisco area is $245.25 per hour). As those decisions were based on adjustments of 2008 and 2009 *Laffey* matrix rates and Plaintiffs' Complaint was filed in 2013, the court finds that $300 per hour is a reasonable rate for an attorney of Peebles' years of experience in this district.

Next, the court must determine whether the amount of hours worked is reasonable. Plaintiffs submitted a billing statement showing that Sanders worked a total of 8.8 hours on this matter between April 23, 2013 and February 27, 2014, the date this motion was filed. (Sanders Decl. Ex. 1.) Peebles worked a total of 1.9 hours during the same time period. (Sanders Decl. Ex. 1.) In total, Sanders and Peebles have worked 10.7 hours on this case, not including the time spent on supplemental briefing for the present motion, for which Plaintiffs are not requesting fees. These hours are reasonable. *See Controversy Music v. Shiferaw*, No. C03-5254 MJJ, 2003 WL 22048519,

at *3 (N.D. Cal. 2003) (holding 25 hours worked by attorneys is reasonable in copyright infringement case). Therefore, the court recommends that Plaintiffs be awarded $5,190.00 in attorneys' fees ($4,620 for Sanders and $570.00 for Peebles).

Finally, Plaintiffs also ask the court to award costs. Plaintiffs aver that the total amount of costs incurred is $560 ($160 for process service fees plus $400 for filing fees). (Sanders Decl. ¶¶ 25, 26.) These costs are also reasonable. The court recommends that Plaintiffs be awarded $560 for costs.

### V. Conclusion

For the foregoing reasons, the court recommends that Plaintiffs' motion for default judgment be granted. The court further recommends that Plaintiffs be awarded $16,500 in statutory damages, $5,190.00 in attorneys' fees, and $560 in costs, for a total of $22,250.00.

Immediately upon receipt of this order, Plaintiffs shall serve a copy of this order on Defendant and file proof of service with the court. Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: May 8, 2014



_____
DONNA M. RYU
United States Magistrate Judge